Waties, J.,
delivered the opinion of the whole court. The parol evidence given on the part of both plaintiff and defendant, was properly admitted at the trial, in order to identify the land. It was given to explain and support, or to ascertain the intent of the respective grants in question, and not to destroy or invalidate them. The question determined by the jury, was the locality or identity of the land granted by these grants, and not the validity or suffi. ciency of the grants to give a right to the land intended to be granted. The plaintiff’s plat was very satisfactorily located. There could be no doubt but that the patent under which he claimed, covers the land in dispute. It was not, by any means, so clear that the patent to Littlejohn was a grant of the same land. It is -possible there may be land on Broad river answering the description. The grant and plat calls for land on the waters of Broad river. Cato, who certified the plat, swore, that be did not survey the land in question for Littlejohn, or any other person ; and Bayley’s evidence strengthened .the doubt of this being the land granted to Littlejohn. The jury have resolved these doubts in favor of the plaintiff, with whom the justice of the case seems to be; and as this case has been long depending, and has been once before brought before us ira this court, it is high time there should be an end of it.
New trial refused.
Note. It appeared that it was with great difficulty that the plaintiff could ob* ta¡a the benefit of Cato’s evidence; and there was ground to suspect that he had never made the survey which he had certified; but at all events, it appeared clearly from the circumstances of the case, as well as his own testimony, which he gave w’t*1 r®'uctallce> l'13-1-11® bad never been upon the land in dispute, to survey it. This fact being clear, the legal presumption was, that the land surveyed by Cato for Littlejohn, was located, if it was ever located at all, some where else than in the place in dispute; and if it never was located, then the grant could have no operation, or effect. See 2 Burney’s Rep. 109, Mageehan v. Adams. Parol evidence held admissible, to shew that a course and boundary in a survey and patent was incorrectly stated, and that they were otherwise on the ground.